

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  11/25/08
         GB

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Harvey | Civil Action No. 08–0699 |
| versus | Judge Tucker L. Melançon |
| Rayne, et al | Magistrate Judge Methvin |

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion To Strike Penalty, Punitive or Exemplary Damages filed by: the City of Rayne, Chief Carroll Stelly, in his official capacity as Chief of Police of the City of Rayne[2], Officer John Jason Potier, individually and in his official capacity as a police officer for the City of Rayne and Officer Leif Meche, individually and in his official capacity as a police officer for the City of Rayne [Rec. Doc. 3].

*I. Standard of Review.*

Federal Rules of Civil Procedure Rule 12(f) allows the court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Cambridge Toxicology Group, Inc. v. Exnicios*, 495 F.3d 169,

---

[1] Pursuant to Local Rule LR 7.5W, the deadline for filing any opposition to the motion was August 25, 2008.

[2] Chief Carroll Stelly was dismissed without prejudice in his individual capacity by Consent Judgment entered on September 29, 2008 [Rec. Doc. 18].

178 (5th Cir.,2007). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts . . . It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962). Because of the reluctance of courts to grant Rule 12(f) motions, the "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* Defendants contend that plaintiff's demand for punitive damages against all defendants in their official capacities should be stricken from the pleadings because punitive damages are not recoverable against a municipality nor its officers in Section 1983 actions. *R. 8; 14*. The Supreme Court has held unequivocally that "[a] municipality is immune from liability for punitive damages in a § 1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270-71 (1981). Thus, any allegations seeking recovery of punitive damages against the City of Rayne must be stricken from the pleadings as a matter of law.

The Supreme Court has also held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 161 (1985). Plaintiff is barred from recovering punitive damages against an official acting in his official capacity. Accordingly, plaintiff

cannot recover such damages under § 1983 against Chief Stelly, Officer Potier and Officer Meche in their official capacities, and defendants' motion will be granted in that respect. The Supreme Court has recognized, however, that punitive damages are recoverable against municipal employees when sued in their individual capacities pursuant to a § 1983 claim. *See Smith v. Wade*, 461 U.S. 30, 35(1983) (cited in *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir.2003). Plaintiff's Complaint alleges that Officers Potier and Meche acted personally to violate the civil rights of plaintiff when he was allegedly "grabbed and held and severely beaten by the officers." *R. 1, Complaint, p. 4*. Thus, defendants' Motion to Strike will be denied as to plaintiff's § 1983 claims against Officer Potier and Officer Meche in their individual capacities.

### 3. State Law Punitive Damages Claims

In addition to his federal claims, plaintiff alleges causes of action under Louisiana state law for violations of the state constitution and for false arrest, false imprisonment and batter under Louisiana law (La. C.C. Art. 2315 and Art. I, §5 of the Louisiana Constitution of 1974). (*Complaint ¶17*). Plaintiff's Complaint alleges that he "is entitled to recover punitive damages from [the officer defendants] in an amount reasonable in the premises." *(Id. at ¶11)* It is well settled Louisiana law that punitive damages are not allowed in civil cases unless specifically provided for by statute. In the absence of such a specific statutory provision, only compensatory damages may

be recovered. *See International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988). Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts against any of the defendants. *See Price v. Louisiana Dept. of Transp. and Development*, 608 So.2d 203, 208 (La.App. 4 Cir.,1992). Accordingly, the Court will strike plaintiff's claims for punitive damages under his state law claims asserted against the City of Rayne, Chief Carroll Stelly in his official capacity as Police Chief of Rayne, and Officer John Jason Potier and Officer Leif Meche, individually and in their official capacities as police officers for the City of Rayne.