## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **CHRISTOPHER S. HARVEY** | **CIVIL ACTION NO. 08-0699** |
| **VS.** | **JUDGE HAIK** |
| **CITY OF RAYNE** | **MAGISTRATE JUDGE METHVIN** |

**ABC INS. CO.**
**JOHN JASON POTIER**
   *Individually & in the course and*
   *scope of his employment with*
   *the City of Rayne as a police officer*
**LOUIS D. DOMINGUE**
   *Individually & in the course and*
   *scope of his employment with the*
   *City of Rayne as a police officer*
**LEIF J. MECHE**
   *Individually & in the course and*
   *scope of his employment with the*
   *City of Rayne as a police officer*
**CARROLL STELLY**
   *In his official capacity as Chief of*
   *Police of the City of Rayne*

### *MEMORANDUM RULING*
### (Rec. Doc. 46)

Before the court is an Unopposed Motion to Set Expert's Deposition Fee filed by defendants, the City of Rayne; Chief Carroll Stelly, in his official capacity as Chief of Police of the City of Rayne; Officer John Jason Potier, individually and in his official capacity as a police officer for the City of Rayne; Officer Leif J. Meche, individually and in his official capacity as a police officer for the City of Rayne; and Officer Lonis D. Domingue, individually and in his official capacity as a police officer for the City of Rayne.

Defendants seek an order setting an appropriate deposition fee to be paid to plaintiff's treating physician, Dr. Charles Speller for his trial deposition.  For the following reasons the motion is granted and Dr. Speller's fee is set at $500.00.

## *Background*

Plaintiff's complaint alleges a violation of his Fourth and Fourteenth Amendment rights based upon the following facts: Plaintiff claims he was falsely arrested/unlawfully seized and brutally beaten by officers from the Rayne Police Department while he was lawfully conducting himself and drinking a beer at Debbie's Giddy Up & Go, a bar located in Acadia Parish, but not within the city limits of Rayne.   Plaintiff complains that Officers Potier, Domingue, and Meche, of the Rayne City Police Department,  approached plaintiff in the bar and asked him to walk outside.  When plaintiff put his beer down, the officers allegedly grabbed, then held plaintiff and severely beat him, threw him into the police car, and Officer Domingue sprayed him with pepper spray.  The plaintiff further alleges that  the officers left plaintiff in handcuffs in the back of the car until he became ill from the effects of the pepper spray, while Domingue and the other officers stood and laughed at him.

Plaintiff claims he was taken to the Rayne Police Department, and, while Officer Meche stayed outside to keep watch, Officers Potier and Domingue severely beat Harvey on both of his legs and knees with their batons, most particularly his left leg and knee, trying to get him to fight back.  Plaintiff seeks damages for his alleged injuries.

- 2 -

### *The Motion*

The following facts are undisputed.  Defendants scheduled the deposition of Dr. Speller for August 28, 2009. Dr. Speller sent the wrong patient medical records prior to the deposition which was not discovered until the start of the deposition.  Defendants had already prepaid Dr. Speller a $2,500 deposition fee.  The parties agreed to continue the deposition with no new fee to be required.

When defendant attempted to re-schedule the deposition, Dr. Speller advised that he would require another $2,500 payment, making the total fee $5,000.  Defendants contend that this is unreasonable.

Rule 26(b)(4)(C)(I) provides that, unless manifest injustice would result, courts shall require that the party seeking discovery pay the expert a reasonable fee for the time spent responding to discovery.[1]  Compensating an expert for his deposition time is

---

[1] Rule 26(b)(4) provides:

Trial Preparation: Experts

(A) Expert Who May Testify. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

(B) Expert Employed Only for Trial Preparation. Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:

mandatory under Rule 26(b)(4)(C)(I), because it would be unfair to require one party to subsidize discovery for the opposing party.  Royal Maccabees Life Ins. Co. v. Malachinski, 2000 WL 1377111, 5 (N.D. Ill. 2000) (citation omitted).  The mandatory nature of this Rule is tempered by two limitations: 1) the costs may not be imposed if doing so would result in manifest injustice; and 2) the expert's fee must be reasonable.  Id. (footnote, citation omitted).  When parties submit their discovery costs, the district court has discretion to limit or alter those costs if they appear to be unreasonable. See Knight v. Kirby Inland Marine Inc., 482 F.3d 347 (5th Cir. 2007).

Dr. Speller seeks to require $2,500 in addition to the $2,500 already paid him because he has to prepare again.  Defendants submit medical records showing that

---

(I) as provided in Rule 35(b); or

(ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

*(C) Payment. Unless manifest injustice would result, the court must require that the party seeking discovery:*

(I) *pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B)*; and

(ii) *for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.*

Fed.R.Civ.P. 26(b)(4), emphasis added.

plaintiff had only 3 office visits with Dr. Speller.  Plaintiff does not dispute defendants'

estimate that Dr. Speller's deposition will last for only approximately an hour.

A review of the medical records submitted by defendants show that they include

results of blood work, a one-page MRI report, a one-page x-ray report, a medical history

of plaintiff, and Dr. Speller's assessments in connection with the three office visits.

After reviewing the record and briefs, under the circumstances presented, where

Dr. Speller treated plaintiff only three times, and the medical records consist of

approximately 20 pages, the undersigned finds that the original fee of $2,500 is wholly

unreasonable and unjustified.  The requested fee amounting to a total of $5,000 is

absolutely unreasonable and unconscionable.

The medical records show that Dr. Speller provided routine pain management to

plaintiff for which he issued three prescriptions rather than any complicated specialized

treatment.  Based on the foregoing, the undersigned concludes that $500 is a reasonable

amount for Dr. Speller's fee and his fee shall be reduced accordingly.  The court will not

countenance gouging by expert witnesses, whether physicians or not.  In the end, these

fees are the responsibility of the clients, and the Court will not allow expert witnesses,

whether physicians are not, to unfairly deplete the resources of litigants, whether

plaintiffs or defendants.

If Dr. Speller refuses to voluntarily appear for his deposition, counsel should feel free to issue a subpoena to compel Dr. Speller to appear and testify.  The court of course, will enforce the subpoena if ignored.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to set expert fees is **GRANTED** and the expert fee of Dr. Charles Speller is hereby reduced to $500.00.

Signed at Lafayette, Louisiana on November 5, 2009.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE